LOVE *v.* STRONG'S ESTATE

No. 40986          January 12, 1959          108 So. 2d 215

*Clare Sekul Hornsby, John Sekul,* Biloxi, for appellant.

*George R. Smith,* Gulfport, for appellee.

McGehee, C. J.

This is an appeal by Miss Amanda I. Love, a registered nurse, because of the disallowance of her claim against the Estate of Dr. Robert A. Strong, Deceased. Dr. Strong had resided in Pass Christian, Mississippi, for about forty or fifty years prior to his death. He was a veteran of World War I and World War II, and prior to his death on August 7, 1955, as a result of an automobile accident sustained on August 3, 1955, he had been drawing a pension because of disability from military service.

Dr. Strong's wife had predeceased him, and at the time of her death she was the owner of a beach front home in Pass Christian, Mississippi, which she devised to her husband and to her Son, Delbert P. Strong, in equal shares as tenants in common.

During his illness Dr. Strong engaged the services of the appellant as a "house manager" under an agreement that she would render services to the decedent "to perform the duty of house manager for the compensation of $25 per week", and was to receive in addition thereto her living expenses. Later the compensation was increased to $50 per week, but the other provisions of the agreement remained in effect.

The court was warranted in finding that the appellant was paid a salary each week, in accordance with the above-mentioned agreement, except probably during the last week of the decedent's life. She was with him

at the time of the automobile accident, and at his request the appellant took him to a hospital in New Orleans, where he died a few days thereafter.

At the time of his death, Dr. Strong owned a 1950 model Buick automobile, but shortly before his death he had placed an order to purchase a Buick automobile from a dealer in New Orleans and had made a deposit of $100 on a new car, the balance of the purchase price to be paid when the new 1956 automobile was available for delivery, at which time the old car was to be taken by the dealer as part payment.

The purchase of this new automobile was never completed prior to the death of Dr. Strong and the dealer refunded to his estate the deposit of $100 made on the new car. Prior thereto, Dr. Strong had executed a will in which it was stated ''I give and bequeath to the said Amanda I. Love the automobile I may own at the time of my death.''

Following the death of Dr. Strong, the appellee George R. Smith, as Executor of the Estate of Dr. Strong, obtained an order from the Chancery Court of Harrison County authorizing him to deliver the automobile to the appellant and she accepted the old automobile, using it for about a year and finally traded it on another car. She made no demand for a new automobile at the time she accepted the old one.

Notice to creditors to probate their claims against the estate was published on August 11, 1955, but she did not file a claim against the estate until May 14, 1956, nine months after the publication of the notice to creditors.

The appellant made out her claim against the estate for ''nurses services'' instead of as ''house manager'', claiming about $40 per day compensation instead of the amount agreed upon at first for $25 per week and later for $50 per week, plus board and lodging. Her

claim against the estate for alleged nursing services amounted to more than $5,000.

The trial court held that all of the items included in the appellant's claim which accrued prior to the decedent's death should have been probated within the six months period thereafter, as provided for in Section 568, Code of 1942, and that the failure to do so barred the claim under Section 569, Code of 1942.

The trial court further held that the bequest of the automobile contained in the decedent's will had reference to the automobile that he owned at the time of his death and not to any automobile which he had contracted to purchase but which was never delivered. The trial court further held that the appellant was entitled to $96 for services rendered about the time of Dr. Strong's death, and there is no appeal from this allowance.

The claim of the appellant also alleged that she was due the value of four months rental of the Strong beach front residence, but the proof did not sustain her contention that she was entitled to this item and she does not press her claim for that item here. The proof shows that the decedent, as heretofore stated, owned only an undivided one-half interest in the residential property and could only give the appellant the right to occupy the same, and she testified that no one objected to her occupancy of the property and she finally moved voluntarily.

We think that the proof sustains the chancellor in holding that the appellant was only entitled to the automobile which Dr. Strong owned at the time of his death and that he had not at that time completed the purchase of the new car. We also think the chancellor was correct in holding that her claim for services rendered the decedent was barred by the statute of limitation; that in fact she had been paid for all services rendered with the exception of $96 for services rendered immediately

before Dr. Strong's death, and the expenses incurred by her following his death in New Orleans.

The appellant contends that the statute of limitation was not applicable to her claim as the same was an unliquidated demand. We think that whether the amount owing to her for services was for $25 per week, $50 per week, or $40 per day, the bar of the statute of limitation, Section 569, would apply.

The case must therefore be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.